The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

STEVE E. BARRON, an individual; MARC W. HILLESTAD and CHRISTINE L. HILLESTAD, husband and wife; FRANK E. SCHOEN, an individual; and RAYMOND OWENS and TAMMY OWENS, husband and wife,

Plaintiffs,

vs.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Defendant.

No. 3:16-cv-05576-BHS

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

**NOTE ON MOTION CALENDAR:**
**January 13, 2017**

Defendant, American Family Mutual Insurance Company ("American Family"), through counsel of record, and submits the following Motion for Protective Order.

### I. INTRODUCTION

The issues in this case are narrow. Plaintiffs[1] contend that American Family used an incorrect method of applying depreciation when calculating the "actual cash value" of personal property destroyed or damaged by fires in their residences. Plaintiffs seek to bring this case on behalf of themselves and a class of other "similarly situated" American Family insureds in Washington State.

---

[1] Steve Barron, Marc Hillestad and Christine Hillestad, Frank Schoen, and Raymond Owens and Tammy Owens (collectively "Plaintiffs").

DEFENDANT'S MOTION FOR PROTECTIVE ORDER- 1

Plaintiffs do not dispute that American Family was entitled to consider depreciation in calculating the actual cash value of their personal property. Nor do they dispute any other aspect of American Family's handling of Plaintiffs' claims. This case is concerned only with the way depreciation of personal property was calculated by American Family's adjusters and the outside consultants who support them.

Ranging far beyond the substance of the claims raised in the Complaint, Plaintiffs' counsel has served irrelevant, overbroad, invasive, and improper discovery requests concerning—among other things—American Family's general business plans, its executives and employees' compensation, and its overall profitability.[2] Specifically, eleven of Plaintiffs' requests for production and related deposition topics in their Rule 30(b)(6) deposition notice seek information that has nothing whatsoever to do with the facts and legal claims at issue. These matters have no relevance to this case and inquiring into them should not be permitted.

On January 4, 2017, American Family's counsel met and conferred with Plaintiffs' counsel to explore a mutually agreeable resolution to this dispute that would allow American Family to provide relevant documents without incurring the significant burdens of producing documents that are not relevant to Plaintiffs' overbroad and invasive requests. Plaintiffs, however, refused to issue any revised requests or otherwise narrow them in any meaningful way. American Family thus has no choice but to seek protection from this Court.

## II.   BACKGROUND

### A. Plaintiffs' Claims

Plaintiffs are individuals who reside in Washington and who had or have homeowners' insurance policies issued by American Family. (Compl. ¶¶ 13-16.) Each of Plaintiffs' insurance policies is a "replacement cost policy," meaning that, with some exceptions, American Family will

---

[2] American Family is a mutual insurance company, meaning that it is owned by policyholders not shareholders, and any profits are either retained or provided in the form of dividends to policyholders. *See* National Association of Mutual Insurance Companies, Mutual Insurance, http://www.namic.org/about/mutualins.asp.

DEFENDANT'S MOTION FOR PROTECTIVE ORDER- 2

pay Plaintiffs the actual "cost to repair or replace" any items of damaged or destroyed personal property, but only "after [they] complete repair or replacement" of the property. (*See e.g.*, Affidavit of Matthew B. Harris ("Harris Decl.") Exhibit A (Barron Policy) at AMFAMBARRON00000021, AMFAMBARRON00000031.) The policy provides Plaintiffs with up to two years to replace or repair an item of personal property. (*Id.*) Until Plaintiffs actually replace or repair their property, however, American Family's insurance policy provides that it will pay the insured the "actual cash value" of the damaged property, defined as "the amount it costs to repair or replace property with property of like kind and quality less depreciation for physical deterioration and obsolescence." (*Id.* at AMFAMBARRON00000003.)

This case arises from fire and/or smoke damage occurring at each of Plaintiffs' residences at some time from March 2014 to December 2015. (Compl. ¶¶ 13-16.) The dispute in this case is limited to Plaintiffs' claim that American Family used an incorrect method in calculating the actual cash value of the items of personal property damaged or destroyed in the fires at their residences. Specifically, Plaintiffs contend that American Family should not have considered age when depreciating the items of personal property when determining their actual cash value. (Compl. ¶¶ 23-26.)

Plaintiffs' claims rely heavily on a previous decision that is not binding on this court from another judge in this District. On November 24, 2015, Plaintiffs in *Lains v. American Family Mutual Insurance Co.*—represented by the same counsel as Plaintiffs in this case—moved for partial summary judgment regarding issues of how American Family calculated depreciation, including whether "depreciation of personal property based solely on age" was proper. Pls.' Mot. For Partial Summ. J. Regarding Depreciation, No. 2:14-cv-01982 JCC (W.D. Wash. Nov. 24, 2015), ECF No. 99. Judge Coughenour granted the Lains Plaintiffs' motion, holding that under their policy, "depreciation can be determined by physical deterioration and obsolescence," and that American Family

DEFENDANT'S MOTION FOR PROTECTIVE ORDER- 3

"improperly took age into consideration when determining depreciation." Order Granting Pls.' Mot. For Partial Summ. J. Regarding Depreciation, No. 2:14-cv-01982 JCC (W.D. Wash. Feb. 9, 2016), ECF No. 160.

Seeking to capitalize on Judge Coughenour's ruling in *Lains*, (Compl. ¶ 27), Plaintiffs' claims here seek relief only on the very narrow, fact-specific, grounds concerning the precise manner in which American Family calculated the actual cash value of their personal property. (Compl. ¶¶ 51, 55, 62, 68, 75, 85, 90.)

### B. Plaintiffs' Discovery Requests

On November 29, 2016, Plaintiffs served their First Requests for Production (the "Requests") and a Rule 30(b)(6) Deposition Notice (the "Notice") on American Family.  (Harris Decl. Exhibit B (Plaintiffs' First Requests for Production); Exhibit C (Plaintiffs' First FRCP 30(b)(6) Notice to American Family).) Plaintiffs included twenty-seven distinct requests for production of documents in the Requests, and demanded in the Notice that American Family identify, prepare, and produce corporate representatives to testify regarding nineteen different topics.

On December 29, 2016, American Family responded and objected in part to Plaintiffs' Requests, producing 64,614 pages of documents responsive to most of the requests. (Harris Decl. Exhibit D (Defendant's Response to Plaintiffs' First Requests for Production); Exhibit E (Defendant's Document Production Letters).)  Among other things, American Family provided Plaintiffs with copies of their entire claim files, along with thousands of pages of documents related to American Family's policies and procedures, training materials, metrics relating to third-party vendors, and other responsive documents.

Eleven of the requests (and related deposition topics), however, are plainly irrelevant and disproportionate to the narrow scope of this case and are unnecessarily burdensome for American Family to produce. As a result, American Family objected to these requests and sought to confer with

Plaintiffs to see if the parties could agree to a resolution to American Family's objections. Additionally, many of the requests are not limited in time or to Washington State, and American Family objected to the overbroad scope of these requests.

On January 3, 2017, American Family's counsel met and conferred with Plaintiffs' counsel regarding the discovery requests. During the call, Plaintiffs clarified certain requests, and the parties were able to reach agreement regarding certain previously disputed requests. Specifically, the parties agreed to specific date restrictions on each Request, and American Family agreed to produce documents responsive to requests it previously objected to, to the extent those documents also relate to depreciation of personal property. Plaintiffs' counsel did not agree to limit the discovery to documents related specifically or generally to Washington State, and the parties also did not reach agreement on production with respect to certain specific requests enumerated below. American Family summarized the discussion and result of the January 3, 2017, call in a January 4, 2017, letter to Plaintiffs' counsel. (Harris Decl. Exhibit F.)

### III.  ANALYSIS

The discovery Plaintiffs' seek through their objectionable requests for production is impermissible under the federal rules. Specifically, American Family objects to, and seeks entry of a protective order regarding documents that are not related to the Washington-State class and the following specific requests:

> REQUEST FOR PRODUCTION NO. 9: Produce all policies, protocols, or procedures relating to deductions taken to reduce replacement cost value on any claim.
>
> REQUEST FOR PRODUCTION NO. 10: Produce all documents articulating, defining discussing, or relating to all metrics employed by American Family for evaluation of the claims department, ALE Solutions and Enservio.
>
> REQUEST FOR PRODUCTION NO. 11: Produce all documents articulating, defining, discussing, or relating to all metrics relating to

the savings achieved to American Family by taking depreciation or other deductions from personal property benefits.

REQUEST FOR PRODUCTION NO. 12: Produce all documents articulating, defining, discussing, or relating to all metrics relating to savings achieved from not including shipping or tax when paying personal-property claims.

REQUEST FOR PRODUCTION NO. 14: Produce all plans, policies, protocols, and procedures for saving money, cutting costs, improving results, or similar performance standards for the claims department, over the last 10 years.

REQUEST FOR PRODUCTION NO. 15: Produce all strategies or other documents related to not "overpaying" claims over the last 10 years.

REQUEST FOR PRODUCTION NO. 19: Produce all executive summaries, committee meeting minutes, or memos and all board meeting minutes for all of the above topics.

REQUEST FOR PRODUCTION NO. 20: Produce all documents regarding compensation, including bonuses, of any person working in or on claims at American Family.

REQUEST FOR PRODUCTION NO. 21: Produce all documents regarding financial incentive programs available to executives of American Family.

REQUEST FOR PRODUCTION NO. 25: Produce all documents regarding business plans for the claims department.

REQUEST FOR PRODUCTION NO. 27: Produce all documents regarding American Family's profitability generally.

American Family further seeks an Order striking the following Rule 30(b)(6) deposition topics and the Notice to Produce stated in the Rule 30(b)(6) Notice:

TOPIC 5: The existence, location, and nature of all documents that identify or describe the financial performance of the claims department, third-party vendors, or American Family as a whole, relative to the adjustment of claims.

TOPIC 6: The existence, location, and nature of all documents that identify or describe the recovery of depreciation by American Family insureds on personal-property claims.

DEFENDANT'S MOTION FOR PROTECTIVE ORDER- 6

        TOPIC 10:  The existence, location, and nature of all documents relating to the savings achieved to American Family by taking depreciation or other deductions from personal property benefits.

        TOPIC 11:  The existence, location, and nature of all documents relating to savings achieved from not including shipping or tax when paying personal-property claims.

        TOPIC 14:  The existence, location, and nature of all documents saving money, cutting costs, improving results, or similar performance standards for the claims department, over the last 10 years.

        TOPIC 15:  The existence, location, and nature of all documents related to not "overpaying" claims over the last 10 years.

        TOPIC 18:  Executive summaries, committee meeting minutes, or memos and all board meeting minutes for all of the above-listed topics.

To the extent these requests and topics seek documents and information unrelated to depreciation, they are, at best, minimally relevant and greatly disproportionate to the needs of the case, and they should not be permitted.

    **A.**    **The Federal Rules of Civil Procedure Permit This Court to Issue a Protective Order Barring The Requested Discovery.**

The Federal Rules of Civil Procedure impose limits on the scope of discovery that are relevant to this Motion.  In particular, Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  Thus, under the plain language of this rule, a reviewing court must consider both relevance and proportionality in setting the permissible scope of discovery in a particular case.  Moreover, courts "must limit the frequency or extent of discovery" that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or that is "outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).

In evaluating proportionality, courts in this jurisdiction consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information,

the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Strickland Real Estate Holdings, LLC v. Texaco, Inc.*, No. C16-0653-JCC, 2016 WL 7243711, at *2 (W.D. Wash. Dec. 15, 2016) (quoting Fed. R. Civ. P. 26(b)(1)). The core purpose of the proportionality requirement is to encourage "judges to be more aggressive in identifying and discouraging discovery overuse" to reasonably reduce the "potential cost of wide-ranging discovery and the potential for discovery to be used as an instrument of delay or oppression." Fed. R. Civ. P. 26, Advisory Committee Note (2015) (discussing the purpose of the 2015 amendment to Rule 26(b)(1), which incorporated an express requirement that courts consider issues of proportionality in framing the scope of discovery).

Rule 26(c)(1) further provides that "a party . . . from whom discovery is sought may move for a protective order in the court where the action is pending."  Fed. R. Civ. P. 26(c)(1). Upon such motion, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.*; *see also Santoyo v. Howmedica Osteonics Corp.*, No. C15-5264 BHS, 2016 WL 2595199, at *2 (W.D. Wash. May 5, 2016) (granting in part defendant's motion for protective order on relevance and proportionality grounds because plaintiff "has only shown minimal relevance" for certain discovery requests and "[i]n light of the slight relevance at this point, the amount in controversy and the vast amount of discovery sought"). Types of relief a court may provide include, but are not limited to, "forbidding the disclosure or discovery" and "limiting the scope of disclosure or discovery to certain matters."  Fed. R. Civ. P. 26(c)(1).

"Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).  Judges in this district have, for example, granted protective orders pertaining to Rule 30(b)(6) deposition notices and Requests for Production where the testimony sought is irrelevant,

unduly burdensome or disproportionate to the needs of the case. *See, e.g., McArthur v. Rock Woodfired Pizza & Spirits*, No. C14-0770RSM, 2016 WL 7015287, at *5 (W.D. Wash. Dec. 1, 2016). The discovery plaintiffs seek in this case is a prime example of circumstances where judicial intervention is warranted.

**B.     The Objectionable Requests are not Relevant or Proportional to Any of Plaintiffs' Claims.**

Many of Plaintiffs' specific requests for production and Rule 30(b)(6) notice seek documents and testimony that are either irrelevant to this dispute or so remotely to be facially disproportionate to the needs of the case.

In addition to American Family's overall objection that none of Plaintiffs' requests are limited to activities in or concerning the State of Washington, the table below addresses each specifically objectionable request and related Rule 30(b)(6) deposition topic, in turn:

| RFP # | 30(b)(6) Topic | Information Sought | Defendant's Position |
|---|---|---|---|
| 9 | 9 | Policies, protocols, and procedures for deductions taken to reduce replacement cost value on claims. | Not relevant because not limited to practices that involve using age as a basis for depreciation; not relevant to whether the manner of depreciation used is permitted under the insurance policy or Washington law. |
| 10 | | Metrics used to evaluate the claims department, ALE Solutions and Enservio. | Not relevant because not limited to practices that involve using age as a basis for depreciation; not relevant to whether the manner of depreciation used is permitted under the insurance policy or Washington law; vendor discovery on ALE Solutions not relevant because alternative living expenses are not at issue in the complaint. |
| 11 | 10 | Metrics relating to savings achieved by taking depreciation or other | Not relevant because not limited to practices that involve using age as a basis for depreciation; not relevant because any |

DEFENDANT'S MOTION FOR PROTECTIVE ORDER- 9

| | | | | |
|---|---|---|---|---|
| | | | deductions from personal property benefits. | alleged savings is not relevant to whether the manner of depreciation used is permitted under the insurance policy or Washington law. |
| | 12 | 11 | Metrics relating to savings achieved from not including shipping or tax when paying personal property claims. | Not relevant because any alleged savings on tax or shipping is not relevant to whether the manner of depreciation used is permitted under the insurance policy or Washington law |
| | 14 | 14 | Plans, policies, protocols, and procedures for saving money, cutting costs, improving results, or similar performance standards for the claims department over the last 10 years. | Not relevant because not limited to practices that involve using age as a basis for depreciation; not relevant to whether the manner of depreciation used is permitted under the insurance policy or Washington law. |
| | 15 | 15 | Strategies or other documents related to not overpaying claims over the last 10 years. | Not relevant because not limited to practices that involve using age as a basis for depreciation; not relevant to whether the manner of depreciation used is permitted under the insurance policy or Washington law. |
| | 19 | 18 | Executive summaries, committee meeting minutes, or memos and all board meeting minutes for all of the above topics. | Same objections as provided for the above topics. |
| | 20 | | Compensation, including bonuses, of any person working in or on claims at American Family. | Not relevant because not limited to compensation that is tied to using age as a basis for depreciation; not relevant to whether the manner of depreciation used is permitted under the insurance policy or Washington law. |
| | 21 | | All financial incentive programs available to executives of American | Not relevant because not limited to financial incentives that are tied to using age as a basis for depreciation; not relevant to whether the manner of depreciation used |

DEFENDANT'S MOTION FOR PROTECTIVE ORDER- 10

| | | | |
|---|---|---|---|
| | | Family. | is permitted under the insurance policy or Washington law. |
| 25 | | All business plans for the claims department. | Not relevant because not limited to practices that involve using age as a basis for depreciation; not relevant to whether the manner of depreciation used is permitted under the insurance policy or Washington law. |
| 27 | | All documents regarding American Family's profitability generally. | Not relevant because not limited to profits that are tied to using age as a basis for depreciation; not relevant to whether the manner of depreciation used is permitted under the insurance policy or Washington law. |

Broadly stated, there is no reason why Plaintiffs are entitled to receive documents concerning American Family's "profitability generally," or its claims department's business plans. Plaintiffs make no attempt to limit this discovery to the issues in this case, namely depreciation of personal property based on age. These are extremely broad requests that are merely fishing for sensitive, confidential information with no indication as to "how such information would be relevant" to the narrow issues in this case related to depreciation "or to what plaintiff[s] must establish in order to prevail" on their claims. *Heights at Issaquah Ridge Owners Ass'n. v. Steadfast Ins. Co.*, No. C07-1045RSM, 2007 WL 4410260, at *4 (W.D. Wash. Dec. 13, 2007). Similarly, neither the issue of alternative living expenses nor of shipping and tax when paying personal-property claims is related in any way to Plaintiffs' claims.

Finally, Plaintiffs' requests for documents related to employee and executive compensation are wholly unnecessary, invade individuals' privacy, would be burdensome to produce, and serve no purpose in resolving Plaintiffs' claims. Similar discovery requests have been denied in cases in this court. *See, e.g., Paschal v. Am. Family Mut. Ins. Co.*, No. C14-1640RSM, 2015 WL 4431008, at *4

(W.D. Wash. July 20, 2015) (granting protective order with respect to personnel files sought in connection with speculative claim "that AmFam offers incentives to employees to undervalue claims" because there was no reason "why that theory needs to be resolved by access to employee personnel files" and because such discovery "may serve to embarrass, annoy, and harass" employees).

### C. Requests that are unbounded in time or not limited to the handling of claims in the State of Washington are not relevant.

Most of Plaintiffs' requests for production are not relevant to this case or otherwise disproportionate to the needs of this case because they are not limited to information that is applicable to the handling of claims in the State of Washington. American Family has agreed to produce documents that relate to the State of Washington, including documents of general applicability on a nationwide or multi-state basis. Plaintiffs have not agreed to such a limitation, and insist that American Family search for, collect, and produce documents that have nothing to do with policies or insureds in the State of Washington. That is unreasonable. Many courts, including those in Washington, "have not hesitated to restrict the geographic scope of discovery where such action was warranted." *In re Fertilizer Antitrust Litig.*, No. MF-75-1, 1979 WL 1690, at *11 (E.D. Wash. Sept. 14, 1979); *see also Lynch v. Safeco Ins. Co. of Am.*, No. C13-654-BAT, 2014 WL 12042524, at *7 (W.D. Wash. Mar. 14, 2014) (urging parties to "narrow the request down to information that is relevant to the Lynches' claims and to impose reasonable temporal or geographic parameters").

Limiting discovery in this case to documents that relate to the State of Washington is reasonable given that the alleged class is limited to American Family insureds located in the state. It also is particularly appropriate in the insurance context because "[r]egulation of insurance products and services varies from state to state." *Sec. Plans, Inc. v. CUNA Mut. Ins. Soc.*, 261 F.R.D. 4, 12 (W.D.N.Y. 2009).

## IV. CONCLUSION

For the reasons stated above, American Family respectfully requests an Order of this Court forbidding Plaintiffs from seeking discovery from American Family related to Requests for Production 9, 10, 11, 12, 14, 15, 19, 20, 21, 25, and 27, and 30(b)(6) Deposition Topics 5, 6, 10, 11, 14, 15, 18, as well as any other Requests or Topics to the extent they are duplicative of the same discovery, and for such other relief as this Court deems just and proper under the circumstances. American Family requests that the court limit American Family's discovery obligations to the class period; specifically to information that applies to claims submitted in the State of Washington on or after June 28, 2010.

DATED: January 5, 2017

*s/William C. Smart*
*s/Isaac Ruiz*
*s/ Kathryn M. Knudsen*
William C. Smart, WSBA #8192
Isaac Ruiz, WSBA #35237
Kathryn M. Knudsen, WSBA #41075

*s/ Jeffrey I. Tilden*
*s/ Mark A. Wilner*
Jeffrey I. Tilden, WSBA #12219
Mark A. Wilner, WSBA #31550
*Attorneys for Plaintiffs*

DATED: January 5, 2017

*s/Rory W. Leid, III*
*s/Kimberly Larsen Rider*
Rory W. Leid, III, WSBA #25075
Kimberly Larsen Rider, WSBA#42736

Michael S. McCarthy, *pro hac vice*
Todd P. Walker, *pro hac vice*
Matthew B. Harris, *pro hac vice*
*Attorneys for Defendant*

**PURSUANT TO STIPULATION IT IS SO ORDERED.**

DATED: _____          _____
                                                                                JUDGE BENJAMIN H. SETTLE

DEFENDANT'S MOTION FOR PROTECTIVE ORDER- 13

# CERTIFICATE OF SERVICE

The undersigned makes the following declaration certified to be true under penalty of perjury pursuant to RCW 9A.72.085:

On the date given below, I hereby certify that I caused the foregoing to be filed using the United States District Court for Western District of Washington – Document Filing System (CM/ECF) and a true and correct copy to be served on the following parties in the manner indicated:

| **Attorneys for Plaintiff:**<br>Jeffrey I. Tilden, WSBA #12219<br>Mark Wilner, WSBA #31550<br>Gordon Tilden Thomas & Cordell LLP<br>1001 Fourth Avenue, Suite 4000<br>Seattle, Washington 98154<br>Telephone: (206) 467-6477<br>Facsimile: (206) 467-6292<br>jtilden@gordontilden.com<br>mwilner@gordontilden.com<br><br>William C. Smart, WSBA #8192<br>Ian S. Birk, WSBA #31431<br>Isaac Ruiz, WSBA #35237<br>Law Offices of Keller Rohrback, LLP<br>1203 Third Ave., Suite 3200<br>Seattle, WA 98101-3052<br>P: 206-623-1900; F: 206-623-3384<br>wsmart@kellerrohrback.com<br>ibirk@kellerrohrback.com<br>iruiz@kellerrohrback.com | **Via CM/ECF** |
|---|---|

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED at Seattle, Washington, this 5th day of January, 2017.

                                *s/ Autumne L. Weingart*
                                Autumne L. Weingart, Legal Assistant
                                303 Battery Street
                                Seattle, WA 98121
                                206-622-0494
                                aweingart@cwlhlaw.com