UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| STEVE E. BARRON, an individual; MARC W. HILLESTAD and CHRISTINE L. HILLESTAD, husband and wife; FRANK E. SCHOEN, an individual; and RAYMOND OWENS and TAMMY OWENS, husband and wife,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>                    Defendant. | No. 3:16-cv-05576-BHS<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**<br><br><br>**NOTE ON MOTION CALENDAR: January 13, 2017** |

Defendant, American Family Mutual Insurance Company ("American Family"), through counsel of record, submits the following Reply in Support of its Motion for Protective Order.

## I.    <u>INTRODUCTION</u>

Plaintiffs' arguments prove too much. Taking their arguments at face value, Plaintiffs in this, or in any insurance matter, would be permitted unfettered discovery based solely upon allegations of bad faith. If they are right, then in *every* insurance bad faith case there would be no limit to discovery into employees' compensation, executive incentives, company business plans, and other documents

Case No. 3:16-cv-05576
DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR
PROTECTIVE ORDER – Page 1 of 11

**COLE, WATHEN, LEID & HALL, P.C.**
**303 BATTERY STREET**
**SEATTLE, WA 98104-1082**
**(206) 622-0494**

1  that have no causal nexus to factual allegations. All plaintiffs would allege bad faith in order to get

2  free rein through insurers' files. Plaintiffs' position here cannot be right, and it is not supported by

3  the Federal Rules of Civil Procedure.

4  American Family responded to Plaintiffs' discovery requests and conferred with them in good

5  faith, working to provide Plaintiffs the documents they requested and are entitled to under the Federal

6  Rules of Civil Procedure. But, after conferral and American Family's agreement to modify its

7  responses and produce additional documents, Plaintiffs remained steadfast. They wanted not only the

8  documents responsive to the potentially relevant core of their requests; they wanted all requested

9  documents regardless of whether they tied in any way to the limited issues in this case. Plaintiffs'

10  refusal to alter their requests in the slightest forced American Family to move for this protective

11  order.

## II.  ANALYSIS

13  American Family has been very cooperative in discovery so far in this case, having produced,

14  or agreeing to produce (in broad categories): All documents related to the named Plaintiffs or their

15  claims, including their entire claims files, and all other requested documents that relate to

16  depreciation (not just for age) of personal property, provided it either is a document of general

17  application or in some way relates to policyholders in Washington State, including documents related

18  to cost, incentive and training materials regarding depreciation, and documents related to American

19  Family's business relationships with vendors involved in calculating personal property payments.

20  Plaintiffs, through their opposition, are asking this Court to order American Family to produce

21  documents that either have no connection to the limited issues in this case or that are so broad,

22  American Family cannot reasonably respond to them:

23  • Documents that either are not generally applicable or have no bearing on Washington-
        State insureds;

24  Case No. 3:16-cv-05576
    DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR
    PROTECTIVE ORDER – Page 2 of 11

- Policies, protocols, or procedures relating to deductions **other than depreciation of personal property** taken to reduce replacement cost value on any claim (RFP 9);

- Documents articulating, defining, discussing, or relating to all metrics employed by American Family for evaluation of the claims department **that do not relate to depreciation of personal property**, and that relate to ALE Solutions, a third-party vendor that facilitates provision of alternative living expenses (RFP 10);

- Documents articulating, defining, discussing, or relating to all metrics relating to savings achieved to American Family by taking deductions **other than depreciation** from personal property benefits (RFP 11);

- Documents articulating, defining, discussing, or relating to all metrics relating to savings achieved from not including shipping or tax when paying personal-property claims (RFP 12);

- Plans, policies, protocols, and procedures for saving money, cutting costs, improving results, or similar performance standards for the claims department, over the last 10 years, **that do not relate to depreciation of personal property** (RFP 14);

- Strategies or other documents related to not "overpaying" claims, **through methods other than depreciation of personal property**, over the last 10 years (RFP 15);

- Executive summaries, committee meeting minutes, or memos and board meeting minutes for the above (RFP 19);

- All documents regarding compensation, including bonuses, of any person working in or on claims at American Family, a company of approximately 7,900 professionals (RFP 20);[1]

- All documents regarding financial incentive programs available to executives to American Family (RFP 21);

- All documents regarding business plans for the claims department (RFP 25);

- All documents regarding American Family's profitability generally (RFP 27).

None of the reasons Plaintiffs put forward for needing these documents justifies their production, and this Court should grant American Family's motion. And for the same reason, the Court should order that Plaintiffs cannot conduct this same or similar discovery through deposition.

---

[1] http://newsroom.amfam.com/fast-facts.

Case No. 3:16-cv-05576
DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR
PROTECTIVE ORDER – Page 3 of 11

American Family has rightly objected to offering a deposition witness to testify about the nature and location of documents that are not discoverable.

### A. Plaintiffs Are Not Entitled To "Companywide" Documents With No Connection To The Issues In This Case.

Plaintiffs claim "it is essential" that they "be permitted the opportunity to investigate the existence of a 'companywide' policy affecting depreciation to fairly determine class certification." (Pls.' Br. 7.)  American Family does not disagree, which is why, as noted above, and as previously stated to Plaintiffs, it is producing such documents.  The problem—as with all of their requests—is Plaintiffs go too far, claiming they need other companywide policies that have no relation to the central question of this case:  whether depreciation calculations using an item's age are proper.  Plaintiffs speculate they will find documents that "show an arbitrary program to reduce claims payouts not tied to policy language or policyholder rights."  (*Id.*)

That speculation does not satisfy Plaintiffs' burden to show a particularized need for discovery of these documents.  *See Earley v. Champion Intern. Corp.*, 907 F.2d 1077 (11th Cir. 1990) ("vague possibility that loose and sweeping discovery might turn up something . . . does not show particularized need and likely relevance that would require moving discovery beyond the natural focus of the inquiry.").  "District courts need not condone the use of discovery to engage in fishing expeditions." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004); *see also*, *T.S. v. Boy Scouts of Am.*, 157 Wn.2d 416, 444, 138 P.3d 1053 (2006) ("Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe the information they hope to obtain and its importance to their case with a reasonable degree of specificity."); *Doe v. Puget Sound Blood Ctr.*, 117 Wn.2d 772, 798, 819 P.2d 370 (1991) ("[O]ur discovery rules protect parties from unsupervised 'fishing expeditions[.]'").

COLE, WATHEN, LEID & HALL, P.C.
303 BATTERY STREET
SEATTLE, WA  98104-1082
(206) 622-0494

Even if one assumes that the documents Plaintiffs hypothesize exist, that does not cure the overbreadth of their requests. Quite literally, were American Family to have a claims department memoranda that announced a decision to save money by buying one-ply toilet paper rather than two-, Plaintiffs' requests would require its production. Potential communications that address limiting claims department travel expenses, office energy conservation measures, changes in employee benefits, and myriad other matters that in any way involved claims personnel and touched company efforts to conserve resources would be rolled up under these requests. These matters obviously would have nothing to do with Plaintiffs' claims in this case.

In addition to Plaintiffs' far-reaching requests that go beyond the issues in this case, Plaintiffs requests include categories of documents that have nothing to do with their claims, including documents related to ALE Solutions, a third-party vendor that facilitates provision of alternative living expenses (RFP 10), and documents concerning shipping or tax when paying personal-property claims (RFP 12). Neither alternative living expenses nor shipping and tax are issues in this case. Plaintiffs offer no justification for this discovery, and it should not be permitted.

**B. Plaintiffs' Requests Relating To Employee And Executive Compensation Are Facially Overbroad**

The heart of Plaintiffs' opposition is the defense of their requests for "all documents"— without limitation—"regarding compensation, including bonuses, of any person working in or on claims at American Family," (RFP 20), "regarding financial incentive programs available to executives to American Family," (RFP 21), and "regarding American Family's profitability generally." (Pls.' Br. 9-13.) Plaintiffs have made no attempt to specifically tie these requests to the issues in this case. American Family's counsel asked if Plaintiffs would narrow these in writing, but Plaintiffs declined. (Harris Aff. Ex. F.)

Case No. 3:16-cv-05576
DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR
PROTECTIVE ORDER – Page 5 of 11

COLE, WATHEN, LEID & HALL, P.C.
303 BATTERY STREET
SEATTLE, WA 98104-1082
(206) 622-0494

The cases Plaintiffs cite do not support their overbroad requests for all documents that exist regarding American Family's employees' and executives' compensation or American Family's profitability. *Miller v. Kenny*, 180 Wash. App. 772, 813-14 (Wash. Ct. App. 2014), involved the question of whether certain deposition testimony, including testimony "about incentive programs for Safeco's employees that linked bonuses to cost control," could be viewed by the jury. *Hover v. State Farm Mutual Automobile Insurance Co.*, No. CV-13-05113-SMJ, 2014 WL 4239655, at *3 (E.D. Wash. Aug. 26, 2014), involved a targeted request concerning "the employees that handled" the plaintiff's claim, including their "(1) performance evaluations; (2) notices of commendation, warning, discipline, and/or termination, etc.; and (3) incentive programs, bonus structures, and other information related to how the employees in Plaintiff's claim are incentivize[d]." Neither case stands for the proposition that Plaintiffs are entitled to all documents related to employee or executive compensation. The other cases Plaintiffs cite from outside Washington are similarly limited in scope and tied to the issues in those cases.

The burden of these requests is clear. Producing voluminous files, company-wide, relating to sensitive employee information is obviously burdensome. Even in cases where payroll information is directly relevant, such as wage and hour labor disputes, courts are sympathetic to the "highly sensitive" nature of financial information contained in wage and payroll documents, and limit discovery into such topics. *See, e.g., Salgado v. Land O'Lakes, Inc.*, No. 1:13-CV-0798-LJO-SMS, 2014 WL 7272784, at *8-9 (E.D. Cal. Dec. 18, 2014). Unlike a wage and hour class action, however, the relevance of the requested compensation information in this case is tenuous and speculative at best.

In a similar case out of the Eastern District of Pennsylvania, the court denied this kind of broad discovery into "sensitive personnel file information such as . . . compensation records," noting

that a "heightened standard of relevance was needed to justify disclosure," particularly "where the information could be obtained in less obtrusive ways." *Smith v. Life Investors Ins. Co. of Am.*, No. 2:07-cv-681, 2009 WL 3364933, at *3 (W.D. Pa. Oct. 16, 2009) (permitting production of "the sensitive employee compensation information" for only four employees who were directly involved in the case, and only after depositions of those individuals were inconclusive; and denying "similar discovery as to other employees"). Against this heightened standard, Plaintiffs only offer their speculation "that AmFam offers incentives to employees to undervalue claims." *See Paschal v. Am. Family Mut. Ins. Co.*, No. C14-1640RSM, 2015 WL 4431008, at *4 (W.D. Wash. July 20, 2015). That is insufficient to justify production of this information.

As the alleged representative plaintiffs of a putative class, moreover, Plaintiffs are limited to seeking evidence that relates to how their claims were adjusted. *See, e.g., Salgado*, 2014 WL 7272784, at *5 ("absent some evidence to indicate company-wide violations," plaintiffs were not entitled to discovery beyond their specific circumstances, particularly where discovery requests were premised on "mere speculation"). The discovery to which American Family objects is not relevant or targeted to the named-Plaintiffs' claims, and therefore cannot be relevant to the class. Because they seek information without regard to whether the adjustment of their claims was affected, it is not relevant class discovery. Plaintiffs, moreover, claim that the documents they seek are relevant only to the merits of "bad faith," and "the remedies we seek on behalf of the proposed class." Although American Family believes this discovery is improper at any time, according to Plaintiffs own allegations, the discovery is at the very least premature because the Court has already agreed with American Family that discovery should be bifurcated, with class discovery proceeding first and in advance of an expected motion for class certification. (*See* Oct. 11, 2016, Mot. Hrg. Tr., attached

Case No. 3:16-cv-05576
DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR
PROTECTIVE ORDER – Page 7 of 11

COLE, WATHEN, LEID & HALL, P.C.
303 BATTERY STREET
SEATTLE, WA 98104-1082
(206) 622-0494

hereto as Exhibit A, 17:19-18:8 (noting that schedule for merits trial would be set after class certification hearing).)

**C. Plaintiffs Mischaracterize The Geographic Limits American Family Is Seeking.**

Plaintiffs apparently have overlooked or forgotten that "American Family has agreed to produce documents that relate to the State of Washington, including documents of general applicability on a nationwide or multi-state basis." (Defs.' Mot. for Protective Order 12.) Based on their mischaracterization of American Family's position—that it only intends to produce documents that relate exclusively to Washington—Plaintiffs claim that American Family is attempting to limit discovery in order to "deprive plaintiffs of a majority of the relevant documents needed to pursue their claims." (Pls.' Br. 14.)

Reality is the opposite. American Family is attempting to provide Plaintiffs with all relevant documents responsive to their requests, and to weed out documents that relate exclusively to states other than Washington and therefore have no bearing on this case. For example, outside of the realm of speculation, it is hard to see how documents prepared by regional offices that do not touch Washington claims, and that concern the handling of claims within some other region, have any bearing on Plaintiffs' claims or the claims of the putative class of Washington policyholders. This is especially true because insurance laws and regulations vary by state.

Plaintiffs argue that American Family should produce documents that are "unbounded by geography"—a proposition that American Family agrees with, provided that the documents somehow concern operations in Washington. But Plaintiffs offer only limited explanation as to why American Family should produce documents that relate exclusively to states other than Washington. Plaintiffs hypothesize, for example, that "[f]or all we know, American Family could have implemented the [actual cash value] provision in another state first, created a large number of documents relating to its

Case No. 3:16-cv-05576
DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR
PROTECTIVE ORDER – Page 8 of 11

COLE, WATHEN, LEID & HALL, P.C.
303 BATTERY STREET
SEATTLE, WA 98104-1082
(206) 622-0494

intentions in drafting the provision at the time, and then later exported to the provision to states like Washington without creating a new paper trail." Regardless of the accuracy of this theory, American Family has agreed to produce documents relating to the drafting of the relevant policy language "that appl[ies] to homeowners' insurance policies in the State of Washington," and intended that to encapsulate all documents in Plaintiffs' hypothetical.

Excluding documents that having nothing to do with the relevant geography is sensible and commonly done. *See In re Fertilizer Antitrust Litig.*, No. MF-75-1, 1979 WL 1690, at *11 (E.D. Wash. Sept. 14, 1979); *see also Lynch v. Safeco Ins. Co. of Am.*, No. C13-654-BAT, 2014 WL 12042524, at *7 (W.D. Wash. Mar. 14, 2014). Such a limit is not "arbitrary," as Plaintiffs claim, and should be applied here.

Interestingly, in support of their argument, Plaintiffs discuss *Holden v. Farmers Insurance Co.*, 169 Wash. 2d 750 (2010), at length. Although the case does not stand for it, they claim the case requires consideration of "an insurer's practices" related to states other than Washington, (Pls.' Br. 16), notwithstanding that "[r]egulation of insurance products and services varies from state to state." *Sec. Plans, Inc. v. CUNA Mut. Ins. Soc.*, 261 F.R.D. 4, 12 (W.D.N.Y. 2009). The more interesting thing about this decision from the Supreme Court of Washington, however, is that the court expressly states that, when undefined, the term "actual cash value" suggests "to the average insurance consumer that his or her loss will be determined according to what it would cost to replace the property, less depreciation to reflect the age or wear and tear of the damaged property." *Holden*, 169 Wash. 2d at 757. The nefarious scheme Plaintiffs allege American Family engaged in when it considered age in depreciating items of personal property is, instead, "what an average consumer would expect." The Court should consider this an important benchmark in assessing the credibility of Plaintiffs' speculations and attempts to fish for documents.

**COLE, WATHEN, LEID & HALL, P.C.**
303 BATTERY STREET
SEATTLE, WA 98104-1082
(206) 622-0494

### III.   CONCLUSION

For the reasons stated above and in the Motion for Protective Order, American Family respectfully requests an Order of this Court forbidding Plaintiffs from seeking discovery from American Family related to Requests for Production 9, 10, 11, 12, 14, 15, 19, 20, 21, 25, and 27, and 30(b)(6) Deposition Topics 5, 6, 10, 11, 14, 15, 18, as well as any other Requests or Topics to the extent they are duplicative of the same discovery, and for such other relief as this Court deems just and proper under the circumstances.   American Family requests that the court limit American Family's discovery obligations to the class period; specifically to information that applies to claims submitted in the State of Washington on or after June 28, 2010.

DATED:  January 13, 2017

*s/Rory W. Leid, III*
*s/Kimberly Larsen Rider*
Rory W. Leid, III, WSBA #25075
Kimberly Larsen Rider, WSBA#42736

Michael S. McCarthy, *pro hac vice*
Todd P. Walker, *pro hac vice*
Matthew B. Harris, *pro hac vice*
*Attorneys for Defendant*

**COLE, WATHEN, LEID & HALL, P.C.**
**303 BATTERY STREET**
**SEATTLE, WA  98104-1082**
**(206) 622-0494**

## CERTIFICATE OF SERVICE

The undersigned makes the following declaration certified to be true under penalty of perjury pursuant to RCW 9A.72.085:

On the date given below, I hereby certify that I caused the foregoing to be filed using the United States District Court for Western District of Washington – Document Filing System (CM/ECF) and a true and correct copy to be served on the following parties in the manner indicated:

| Attorneys for Plaintiff: | Via CM/ECF |
|---|---|
| Jeffrey I. Tilden, WSBA #12219<br>Mark Wilner, WSBA #31550<br>Gordon Tilden Thomas & Cordell LLP<br>1001 Fourth Avenue, Suite 4000<br>Seattle, Washington 98154<br>Telephone: (206) 467-6477<br>Facsimile: (206) 467-6292<br>jtilden@gordontilden.com<br>mwilner@gordontilden.com<br><br>William C. Smart, WSBA #8192<br>Ian S. Birk, WSBA #31431<br>Isaac Ruiz, WSBA #35237<br>Law Offices of Keller Rohrback, LLP<br>1203 Third Ave., Suite 3200<br>Seattle, WA 98101-3052<br>P: 206-623-1900; F: 206-623-3384<br>wsmart@kellerrohrback.com<br>ibirk@kellerrohrback.com<br>iruiz@kellerrohrback.com | |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED at Seattle, Washington, this 13th day of January, 2017.

*s/ Autumne L. Weingart*
Autumne L. Weingart, Legal Assistant
303 Battery Street
Seattle, WA 98121
206-622-0494
aweingart@cwlhlaw.com

**COLE, WATHEN, LEID & HALL, P.C.**
**303 BATTERY STREET**
**SEATTLE, WA 98104-1082**
**(206) 622-0494**