The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| STEVEN E. BARRON, an individual; MARC W. HILLESTAD and CHRISTINE L. HILLESTAD, husband and wife; FRANK E. SCHOEN, an individual; and RAYMOND OWENS and TAMMY OWENS, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | No. 3:16-cv-05576-BHS<br><br>PLAINTIFFS' MOTION TO SEAL<br><br>**NOTE ON MOTION CALENDAR: FEBRUARY 24, 2017.** |

## I. RELIEF REQUESTED

Plaintiffs bring this Motion in accordance with LCR 5(g) in order to permit the immediate filing of documents that defendant has stamped "confidential." Plaintiffs do not concede that the specific documents in issue here are entitled to protection as trade secrets. The burden to establish trade-secrecy protection is on defendant. Plaintiffs request that the Court enter an order stating that the documents were not properly designated as confidential.

PLAINTIFFS' MOTION TO SEAL
(3:16-cv-05576-BHS) - 1

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## II. PERTINENT FACTS

Pursuant to LCR 5(g)(2)(B), plaintiffs have filed or will file under seal the following materials that American Family has designated "CONFIDENTIAL":

- Motion for Leave to File Supplemental Declaration, Including Appendix and Exhibit

Kathryn Knudsen, counsel for plaintiffs, conferred telephonically with Mathew B. Harris, American Family's counsel, about this motion to seal on February 13, 2017. American Family did not agree to lift the confidentiality designation.

## III. QUESTION PRESENTED

Should this Court find that the materials attached in the Motion for Leave to File Supplemental Declaration constitute "proprietary information" and "trade secrets"? **No.**

## IV. ANALYSIS

Defendant bears the burden to justify sealing or redacting each of the above. Washington law only protects an insurer's actual trade secrets as "confidential":

> "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process that:
>
>   (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
>
>   (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.[1]

A compilation of commonly available material qualifies as a trade secret only if "the combination [is] shown to have 'novelty and uniqueness.'"[2] In the context of insurance claims

---

[1] RCW 19.108.010(4).

[2] *Woo v. Fireman's Fund Ins. Co.,* 137 Wn. App. 480, 489, 154 P.3d 236 (2007) (quotation omitted).

PLAINTIFFS' MOTION TO SEAL
(3:16-cv-05576-BHS) - 2

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

manuals and procedures, the insurer must "illustrate how the strategies or philosophies of [its] claims handling procedures differ materially from the strategies of philosophies of other insurers."[3]

General allegations that a competitor will gain some unidentified competitive advantage are insufficient to establish a trade secret.[4] A claims manual does not contain trade secrets if it "simply set[s] out good claims practices and philosophies that would be obvious to any insurance company."[5] In *Woo,* the manual stated things like a good investigation begins with "a thorough investigation of the facts."[6] Yet Fireman's Fund argued that its claims handling manuals were "trade secrets," contending that allowing a competitor to view them would give its competitors a competitive advantage.[7] The court disagreed, finding that the insurer had failed to "supply any concrete examples to illustrate how the strategies or philosophies of Fireman's Fund claims handling procedures differ materially from the strategies or philosophies of other insurers."[8] This type of reiteration of model claims handling standards is similar to defendant's claims handling material. Like the courts in *Woo* and *McCallum,* this Court should find that "just because the manuals set forth details and fine points of handling claims does not make them novel."[9]

---

[3] *Id.*

[4] *Id.* at 489.

[5] *Id.*

[6] *Id.*

[7] *Id.* at 488.

[8] *Id.* at 489; *see also McCallum v. Allstate Prop. & Cas. Ins. Co.,* 149 Wn. App. 412, 425, 204 P.3d 944, 951 (2009) (rejecting Allstate's argument that its claims handling materials were trade secrets when there were no "concrete examples" showing that Allstate's procedures differed from any other insurer).

[9] *McCallum,* 149 Wn. App. at 425 (citing *Woo,* 137 Wn. App. at 489).

PLAINTIFFS' MOTION TO SEAL
(3:16-cv-05576-BHS) - 3

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Furthermore, "[a] trade secret must derive independent economic value from not being known to or generally ascertainable by others who can obtain economic value from their disclosure or use."[10] The training material here fails to derive any independent economic value: the information is commonly known and ascertainable by every insurer in the Washington Administrative Code. Defendant cannot show that the material it has designated as "confidential" does anything other than set out, in an obvious manner, the claims practices known—and mandated under Chapter 284-30 WAC—to all insurers.

It is American Family's burden to demonstrate that these materials are entitled to trade-secrecy protection. We do not know, for instance, whether any of these documents have been produced without protection or filed on the public docket in any other litigation.

## V. CONCLUSION

Plaintiffs respectfully request that the Court deny this motion to seal.

SUBMITTED this 13th day of February, 2017.

---

[10] *Id.*

PLAINTIFFS' MOTION TO SEAL
(3:16-cv-05576-BHS) - 4

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

| | |
|---|---|
| 1 | |
| 2 | KELLER ROHRBACK L.L.P. |
| 3 | |
| 4 | KELLER ROHRBACK L.L.P. |
| 5 | By: s/ *Kathryn Knudsen* |
|   | William C. Smart, WSBA #8192 |
| 6 | Isaac Ruiz, WSBA #35237 |
|   | Ian S. Birk, WSBA #31431 |
| 7 | Kayti M. Knudsen, WSBA #41075 |
|   | Keller Rohrback L.L.P. |
| 8 | 1201 Third Avenue, Suite 3200 |
|   | Seattle, Washington 98101 |
| 9 | Telephone: (206) 623-1900 |
| 10 | Fax: (206) 623-3384 |
|   | wsmart@kellerrohrback.com |
| 11 | iruiz@kellerrohrback.com |
|   | ibirk@kellerrohrback.com |
| 12 | kknudsen@kellerrohrback.com |
| 13 | Attorneys for Plaintiffs |
| 14 | |
| 15 | |
| 16 | GORDON TILDEN THOMAS & CORDELL |
| 17 | By: s/ *Kathryn Knudsen for* |
|   | Jeffrey I. Tilden, WSBA #12219 |
| 18 | Mark Wilner, WSBA #31550 |
|   | Gordon Tilden Thomas & Cordell |
| 19 | 1001 Fourth Avenue, Suite 4000 |
| 20 | Seattle, Washington 98154 |
|   | Telephone: (206) 467-6477 |
| 21 | Fax: (206) 467-6292 |
|   | jtilden@gordontilden.com |
| 22 | mwilner@gordontilden.com |
|   | Attorneys for Plaintiffs |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

PLAINTIFFS' MOTION TO SEAL
(3:16-cv-05576-BHS) - 5

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

Mr. Rory W. Leid
Mr. Christopher Roslaniec
Ms. Kimberly Larson Rider
Cole Wathen Leid & Hall, P.C.
303 Battery Street
Seattle, WA 98121
rleid@clwl.net
croslaniec@cwlhlaw.com
krider@cwlhlaw.com

Mr. Matthew B. Harris
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
matthew.harris@faegrebd.com,

Mr. Todd Walker
Mr. Michael McCarthy
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
todd.walker@FaegreBD.com
michael.mccarthy@faegrebd.com

By: s/ Chris Jarman
Chris Jarman
Legal Assistant
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
(206) 623-1900

PLAINTIFFS' MOTION TO SEAL
(3:16-cv-05576-BHS) - 6

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384