UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| STEVE E. BARRON, an individual; MARC W. HILLESTAD and CHRISTINE L. HILLESTAD, husband and wife; FRANK E. SCHOEN, an individual; and RAYMOND OWENS and TAMMY OWENS, husband and wife,<br><br>    Plaintiffs,<br> vs.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>    Defendant. | No. 3:16-cv-05576-BHS<br><br>**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**NOTE ON MOTION CALENDAR:**<br>**March 10, 2017** |

Defendant, American Family Mutual Insurance Company ("American Family"), pursuant to Federal Rule of Civil Procedure 56, moves the Court for entry of an Order granting summary judgment on Plaintiffs' claims.

I. **INTRODUCTION**

As a matter of law, plain meaning, and common sense, consideration of age in calculating depreciation under the insurance policies at issue in this case is entirely reasonable and

Case No. 3:16-cv-05576
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT– Page 1 of 19

COLE, WATHEN, LEID & HALL, P.C.
303 BATTERY STREET
SEATTLE, WA 98104-1082
(206) 622-0494

contractually compliant. Plaintiffs, however, argue that age must be categorically excluded in applying depreciation to determine the "actual cash value" of the insured property that was damaged or destroyed. Their flawed theory flows exclusively from Judge Coughenour's decision in *Lains v. American Family Mutual Insurance Company*, No. 2:14-cv-01982 (W.D. Wash. Feb. 9, 2016), ECF No. 160, which held that American Family could not consider the age of an item of personal property when calculating applicable depreciation. But that interpretation of the policies is at odds with broadly accepted principles of real and personal property valuation and contradicts the plain language of the policies.[1]

Basic principles of contract interpretation—and Washington law—require the Court to consider the policies as a whole, and in the same way that an average person purchasing insurance would understand them. Properly construed, the policies unambiguously permit American Family to depreciate personal property when calculating Actual Cash Value; the Policies do not in any way preclude American Family from using an item's age as a depreciation measure. As such, American Family is entitled to judgment as a matter of law on all of

---

[1] Moreover, reliance on Judge Coughenour's February 9, 2016 Order in *Lains v. American Family Mutual Ins. Co.*, is misplaced because the court's ruling was the subject of a pending motion for reconsideration, for which Judge Coughenour had specifically requested full briefing:

> This matter comes before the Court on Defendant's motion for reconsideration (Dkt. No. 166) of the Court's order granting partial summary judgment in Plaintiffs' favor (Dkt. No. 160). Defendant identifies several grounds upon which it alleges the Court's order was in error. (See Dkt. No. 166 at 1-2.) The Court DIRECTS Plaintiffs to respond to Defendant's motion by Friday, March 11, 2016.

*See, id.*, at Dkt. 171. Although the parties complied and submitted the requested briefing, the Court issued no further rulings because the action was dismissed. As such, the February 9, 2016, ruling is not controlling.

Case No. 3:16-cv-05576
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT– Page 2 of 19

COLE, WATHEN, LEID & HALL, P.C.
303 BATTERY STREET
SEATTLE, WA 98104-1082
(206) 622-0494

Plaintiffs' claims because they are all predicated on the legally incorrect premise that American Family's insurance policies preclude the use of age in calculating depreciation. Because there are no disputes of material fact that would impact the Court's interpretation of the Policies, this case should be dismissed with prejudice as a matter of law.

## II. STATEMENT OF UNDISPUTED FACTS

### A. Personal Property Coverage Under Plaintiffs' Policies.

Payment for personal property losses, or "contents" under the Policies is made through a two-step process. At the outset, payment is made for actual cash value—the replacement cost of the item less depreciation. If the property is repaired or replaced within two years of the loss, the insureds are entitled to replacement cost up to a maximum set by policy limits.

Each of Plaintiffs' homeowner insurance policies (the "Policies") includes the same language regarding how American Family settles losses for personal property. (Declaration of Matthew B. Harris ("Harris Decl.") Ex. 1 (Policy 46-BQ9440-01 ("Barron Policy"), AMFAMBARRON00004255-AMFAMBARRON00004288); Ex. 2 (Policy 46-BP4863-01 ("Hillestad Policy")); Ex. 3 (Policy 46-BM6701-01 ("Owens Policy"), AMFAMOWENS00000196-AMFAMOWENS00000226); Ex. 4 (Policy 46-BK1694-01 ("Schoen Policy"), AMFAMSCHOEN00003761-AMFAMSCHOEN00003800).) Under each Policy, Option 14 states how such losses are covered. In relevant part,[2] each Policy provides that, for personal property, American Family pays "replacement cost." (*See* Harris Decl. Ex. 1 at AMFAMBARRON00004275.) The Policies state that replacement cost coverage means that, (a)

---

[2] There are separate provisions that govern the depreciation of specific items such as business property, service vehicles, antiques, and artwork. Those items and related depreciation terms are not at issue in this case. (*See* Harris Decl. Ex. 1 at AMFAMBARRON00004275-AMFAMBARRON00004276.)

Case No. 3:16-cv-05576
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT– Page 3 of 19

COLE, WATHEN, LEID & HALL, P.C.
303 BATTERY STREET
SEATTLE, WA 98104-1082
(206) 622-0494

until the insured makes "the actual repair or replacement," American Family "will pay only the actual cash value of the damaged property;" (b) after the insured completes the repair or replacement, American Family "will pay the difference between the actual cash value of the damaged property and the cost to repair or replace such property;" and (c) "if property is not repaired or replaced within two years after the date of loss," American Family "will pay only the actual cash value of the damaged property." (*See id.*)

The Policies define "Actual Cash Value" as "the amount it costs to repair or replace property with property of like kind and quality less depreciation for physical deterioration and obsolescence." (*See id.* at AMFAMBARRON00004257.) The Policies additionally state that, after a loss, the insured "must . . . provide" American Family "a detailed inventory of the damaged property, showing the quantities, when and where acquired, original cost, current value and the amount of loss," attaching "to the inventory bills, receipts and related documents that substantiate all amounts." (*See id.* at AMFAMBARRON00004267.)

**B. Procedural History**

On June 28, 2016, Plaintiff Steve E. Barron filed a Complaint against American Family (Compl. for Insurance Bad Faith ("Orig. Compl."), Dkt. No. 1) alleging claims for Declaratory Judgment, Breach of Contract, Insurance Bad Faith, Negligent Claims Handling, violation of the Washington Consumer Protection Act, Constructive Fraud, Injunctive Relief, and violation of the Washington Insurance Fair Conduct Act. (Orig. Compl. ¶¶ 34-76.) All of these claims are premised on Barron's allegations that "American Family has a policy and/or practice of calculating depreciation" of personal property "based on age" and that "[d]epreciation based on age is not allowed under the policy." (Orig. Compl. ¶¶ 28-29.)

Case No. 3:16-cv-05576
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT– Page 4 of 19

COLE, WATHEN, LEID & HALL, P.C.
303 BATTERY STREET
SEATTLE, WA 98104-1082
(206) 622-0494

On August 12, 2016, a First Amended Complaint was filed, adding Plaintiffs Hillestad, Schoen, and Owens as named plaintiffs, and alleging claims on behalf of a putative class of American Family insureds in Washington. (First Amended Compl.—Class Action ("FAC"), Dkt. No. 10.) The First Amended Complaint continues to allege claims for Declaratory Judgment, Breach of Contract, Insurance Bad Faith, Negligent Claims Handling, violation of the Washington Unfair Claim Settlement Practices Regulation and Consumer Protection Act, Injunctive Relief, and violation of the Washington Insurance Fair Conduct Act, but omits any claim for Constructive Fraud. (FAC ¶¶ 49-93.) All of these claims continue to be premised on Plaintiffs' allegations that "American Family has a policy and/or practice of calculating depreciation" of personal property "based on age" and that "[d]epreciation based on age is not allowed under the policy." (FAC ¶¶ 25-26.)[3]

### III. ARGUMENT

#### A. Standard of Review

Under the Federal Rules of Civil Procedure, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion,

---

[3] Plaintiffs' entire theory of the case is premised on an Order in *Lains v. American Family Mutual Insurance Co.*—a case prosecuted by the same counsel representing Plaintiffs in this case. On February 9, 2016, Judge Coughenour granted the Lains plaintiffs' motion for partial summary judgment, holding that under a similar American Family policy, "depreciation can be determined by physical deterioration and obsolescence," and that American Family "improperly took age into consideration when determining depreciation." Order Granting Pls.' Mot. for Partial Summ. J. Regarding Depreciation, No. 2:14-cv-01982 JCC (W.D. Wash. Feb. 9, 2016), ECF No. 160. Judge Coughenour's decision appears to be based solely on the absence of the word "age" from the policy's definition of Actual Cash Value. *Id.* at 4.

Case No. 3:16-cv-05576
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT– Page 5 of 19

COLE, WATHEN, LEID & HALL, P.C.
303 BATTERY STREET
SEATTLE, WA 98104-1082
(206) 622-0494

and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The party opposing summary judgment "must establish that there is a genuine issue of material fact," and not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86, 106 S. Ct. 1348, 1355, 89 L. Ed. 2d 538 (1986). The disposition of this motion turns solely on the adjudication of questions of law that involve no genuine issue of material fact.

**B. Plaintiffs' Interpretation of "Actual Cash Value" and "Depreciation" Is Meritless as a Matter Of Law.**

The fundamental question of liability in this case is whether Plaintiffs can maintain claims against American Family that are based solely upon American Family's use of an item's age when calculating depreciation of personal property. In *Lains*, plaintiffs' counsel contended that in the absence of evidence of the actual condition or obsolescence of items of personal property, no depreciation could be taken whatsoever, regardless of the age of the property that was the subject of the claim. Pls.' Mot. for Partial Summ. J. Regarding Depreciation, No. 2:14-cv-01982 JCC (W.D. Wash. Nov. 24, 2015), ECF No. 99, at 10. That interpretation is unreasonable and impermissibly negates the Policies' coverage distinctions that were designed to avoid "over-insurance" that is prohibited under Washington law. As stated by the Supreme Court of Washington, "[w]here one construction would make a contract unreasonable, and another, equally consistent with its language, would make it reasonable, the latter more rational construction must prevail." *Byrne v. Ackerlund*, 108 Wash. 2d 445, 453–54, 739 P.2d 1138, 1143 (1987).

Case No. 3:16-cv-05576
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT– Page 6 of 19

COLE, WATHEN, LEID & HALL, P.C.
303 BATTERY STREET
SEATTLE, WA 98104-1082
(206) 622-0494

Because Plaintiffs' claims all require an interpretation of the Policy that results in an unreasonable determination of actual cash value, summary judgment is warranted and the case should be dismissed in its entirety.

### 1. This Court is not bound to the *Lains* decision.

As a preliminary matter, Judge Coughenour's decision in *Lains* is not binding here. It is well-established that "a judge may depart from the holding of a brother judge of the same district if he is convinced through independent analysis that the holding of his colleague is incorrect." *Aguirre v. United States*, 1992 WL 38624, at *5, 956 F.2d 1166 (9th Cir. 1992), as amended (July 8, 1992) (unpublished). Because the decision in *Lains* is not a reasonable interpretation of the Policies, it should not be followed.

### 2. Actual Cash Value and Replacement Cost are separate and distinct coverages under the Policies.

American Family's Policies provide coverage for personal property losses, where, as here, the property is damaged or destroyed in a covered loss. When a covered loss occurs, the Policies require that insureds compile "a detailed inventory of the damaged property, showing the quantities, when and where acquired, original cost, current value and the amount of loss." (*See, e.g.,* Harris Decl. Ex. 1 at AMFAMBARRON00004267.) This is sensible, given that insureds are in the best position to identify such information, including the condition of the items in the inventory, underlying any assessment of their "current value." After American Family receives the itemized list of personal property loss, it is in a position to compensate the insured by paying the Actual Cash Value of the property. (*See id.* at AMFAMBARRON00004275.) Additionally, the Policies expressly provide another option for insureds: an insured can elect to

Case No. 3:16-cv-05576
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT– Page 7 of 19

COLE, WATHEN, LEID & HALL, P.C.
303 BATTERY STREET
SEATTLE, WA 98104-1082
(206) 622-0494

repair or replace a damaged item and recover the additional costs incurred under Replacement Cost coverage. (*See id.*)

The concept of replacement cost insurance is widely recognized in insurance law. As stated by a leading treatise, "while a standard policy compensating an insured for the actual cash value of damaged or destroyed property makes the insured responsible for bearing the cash difference necessary to replace old property with new property, replacement cost insurance allows recovery for the actual value of property at the time of loss, without deduction for deterioration, obsolescence, and similar depreciation of the property's value." 12 Couch on Ins. § 176:56. Put another way, "while an actual cost policy is designed to avoid placing the insured in a better position than he or she was in before the fire, a replacement cost policy allows for such a possibility because it is intended to allow the insured to replace the damaged building." *Id.* n. 82 (citing *Dupre v. Allstate Ins. Co.*, 2002 WL 1220823 (Colo. Ct. App. 2002)).

### 3. The interpretation in *Lains* would impermissibly eliminate the Policies' distinction between Actual Cash Value and Replacement Cost.

Under Plaintiffs' proposed interpretation of the Policies, where there is no evidence of the property's pre-loss condition, and the only information available is an item's age, no depreciation could be applied at all. *See* Pls.' Mot. for Partial Summ. J. Regarding Depreciation, No. 2:14-cv-01982 JCC (W.D. Wash. Nov. 24, 2015), ECF No. 99, at 10. That interpretation cannot be correct because without any depreciation, Actual Cash Value would be the same as Replacement Cost, which impermissibly eliminates the express difference between those two measures of recovery under the Policies. *See Allstate Ins. Co. v. Huston*, 123 Wash. App. 530, 541–42, 94 P.3d 358, 364 (2004) ("a result that would render" a clause of a contract, including of

Case No. 3:16-cv-05576
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT– Page 8 of 19

COLE, WATHEN, LEID & HALL, P.C.
303 BATTERY STREET
SEATTLE, WA 98104-1082
(206) 622-0494

an insurance policy, "surplusage . . . violate[s] the rules of contract construction"); *see also Snohomish Cty. Pub. Transp. Benefit Area Corp. v. FirstGroup Am., Inc.*, 173 Wash. 2d 829, 840, 271 P.3d 850, 856 (2012) ("An interpretation of a contract that gives effect to all provisions is favored over an interpretation that renders a provision ineffective[.]"). The practical consequence of this unreasonable Policy construction is that insureds would have no incentive to provide information about an item's pre-loss condition, because without that information, American Family would be required to pay full Replacement Cost whether or not the items were actually replaced. This is an unreasonable and illogical result that impermissibly eliminates the Policies' distinctions between the recovery of Actual Cash Value versus Replacement Cost. *See id.* Furthermore, in Washington—as in most states—"actual replacement of damaged or destroyed property has been held to be a prerequisite to collection of proceeds under a replacement cost endorsement of an insurance policy." *Hess v. N. Pac. Ins. Co.*, 122 Wash. 2d 180, 187, 859 P.2d 586, 589–90 (1993) (quoting Annot., Construction and Effect of Property Insurance Provision Permitting Recovery of Replacement Cost of Property, 1 A.L.R.5th 817, 829 (1992)). Consequently, Plaintiffs' invitation to construe the Policy such that Replacement Cost would be paid without actual replacement must be rejected.

Contrary to Plaintiffs' assertion that "American Family's policy and/or practice regarding depreciation are designed to decrease payouts to policyholders and insureds," (FAC ¶ 28), it is Plaintiffs, not American Family, who—by proposing an unreasonable interpretation of the Policies—are seeking a contractually improper recovery through this action. Permitting the Plaintiffs to recover replacement cost without actually replacing the damaged property would provide them with a benefit for which they did not pay.

Case No. 3:16-cv-05576
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT– Page 9 of 19

COLE, WATHEN, LEID & HALL, P.C.
303 BATTERY STREET
SEATTLE, WA 98104-1082
(206) 622-0494

Significantly, there is nothing that would prevent Plaintiffs from obtaining the replacement cost of their personal property. All they have to do is purchase replacement property. (*See, e.g.,* Harris Decl. Ex. 1 at AMFAMBARRON00004275 ("[A]fter you complete repair or replacement, we will pay the difference between the actual cash value of the damaged property and the cost to repair or replace such property".).) And, the Policy's two-step process (see above) specifically affords a two-year period for them to make that purchase.

### 4. Plaintiffs' Policy interpretation would violate Washington law proscribing overinsurance.

By effectively equating Actual Cash Value payments to Replacement Cost, Plaintiffs' reading of the Policies would result in routine over-valuation of property losses, which is prohibited by Washington law. "A Washington statute prohibits 'overinsurance', i.e., insurance in excess of the 'fair value' (defined as cost of replacement less depreciation)." *Hess v. N. Pac. Ins. Co.*, 122 Wash. 2d 180, 183, 859 P.2d 586, 587 (1993); *see* Wash. Rev. Code § 48.27.010. Washington law recognizes, however, that it is permissible to insure for the difference between the fair value of property and what it would cost to replace that property: "… an owner might not be made whole because of the increased cost to repair or to rebuild," over the depreciated value of the property, and so "replacement cost coverage became available," recognizing "that even expected deterioration of property is a risk which may be insured against." *Hess*, 122 Wash. 2d at 183 (internal quotations and citations omitted), *see* Wash. Rev. Code § 48.27.020. Because Washington law recognizes a distinction between replacement cost insurance and insurance that covers the actual fair value of the damaged property, the Policies should be interpreted in a manner that retains and upholds that distinction. Plaintiffs' interpretation does not, and it should be rejected as a matter of law.

Case No. 3:16-cv-05576
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT– Page 10 of 19

COLE, WATHEN, LEID & HALL, P.C.
303 BATTERY STREET
SEATTLE, WA 98104-1082
(206) 622-0494

## C. The Policies Permit the Use of Age in Calculating Depreciation.

Plaintiffs' construction of the Policies is unreasonable because there is another interpretation that is "equally consistent with its language, would make it reasonable" and that should prevail. *Byrne*, 108 Wash. 2d at 453–54. The terms of the Policies plainly provide for how Actual Cash Value is to be determined: replacement cost less depreciation. They also provide that depreciation is not limited to considerations of physical deterioration but also includes obsolescence. They do not, however, prescribe how depreciation is to be calculated. As a matter of law, therefore, depreciation is to be calculated in a way that an average person purchasing insurance would expect: based on the age and condition of the item.

### 1. The Policies expressly define Actual Cash Value to include depreciation.

Plaintiffs do not challenge American Family's right to include depreciation in calculating "Actual Cash Value" under the Policies. Their dispute is limited to whether age may be considered when determining the amount of depreciation to be included.

The Policies unambiguously define "Actual Cash Value" as "the amount it costs to repair or replace property with property of like kind and quality less depreciation for physical deterioration and obsolescence." (*See, e.g.,* Harris Decl. Ex. 1 at AMFAMBARRON00004257.) The effect of this definition is to validate American Family's calculation of Actual Cash Value under the Policies. *See, e.g.,* Carleton Burch, D.M. Studler, Amy L. White, *The Inventory and Profit and Loss Computation Exclusion-Practical Approaches to Issues Relating to the Exclusion*, 15 Fidelity L.J. 309, 373-74 (2009) ("ACV has four prevalent denotations: a) market value, b) replacement cost less depreciation, c) broad evidence, and d) value to the insured."); Wendy Evans Lehmann, *Depreciation as factor in determining actual cash value for partial loss*

Case No. 3:16-cv-05576
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT– Page 11 of 19

COLE, WATHEN, LEID & HALL, P.C.
303 BATTERY STREET
SEATTLE, WA 98104-1082
(206) 622-0494

*under insurance policy*, 8 A.L.R.4th 533, §2(a) (Originally published in 1981) ("The methods or tests for determining actual cash value which are most generally employed are market value, reproduction or replacement costs, and the 'broad evidence' rule, which rule may encompass elements of either of the other standards as well as other factors which a court may find helpful in its determination.").

The "replacement cost less depreciation" method applied to most items of personal property under the Policies is particularly appropriate "as household furnishings do not, for the most part, have an ascertainable market value," and so "their value must be fixed by replacement cost, with due allowance for depreciation." 12 Couch on Ins. § 177:35. To that end, the National Association of Insurance Commissioners, in its Unfair Property/Casualty Claims Settlement Practices Model Regulation has stated that insurers, "shall determine actual cash value as follows: replacement cost of property at time of loss less depreciation." NAIC 902-1, 20XX WL 8342979.

### 2. The term "depreciation for physical deterioration and obsolescence" is unambiguous.

In addition to unambiguously defining Actual Cash Value, the Policies unambiguously allow depreciation "for physical deterioration and obsolescence." Plaintiffs allege that this statement is an exclusive limitation on how depreciation may be calculated, that only "physical deterioration and obsolescence" may be considered, and that because the word "age" is not included, age may not be considered in the calculation. (FAC ¶¶ 26-27.)

Rather than being a limitation on what may be considered in calculating depreciation, the words "for physical deterioration and obsolescence" require that depreciation, in determining Actual Cash Value under the Policies, be calculated as expansively as possible. For example, a

Case No. 3:16-cv-05576
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT– Page 12 of 19

COLE, WATHEN, LEID & HALL, P.C.
303 BATTERY STREET
SEATTLE, WA 98104-1082
(206) 622-0494

video game system in brand new condition, but over ten years old, would be subject to depreciation even though it may not have physically deteriorated because, due to the passage of time, it had become somewhat obsolete. This is a common practice—and common sense.

Numerous cases in Washington, in various contexts, have stated that as a general matter, depreciation "is a function of physical depreciation, or obsolescence." *Washington Beef, Inc. v. Cty. of Yakima*, 143 Wash. App. 165, 173, 177 P.3d 162, 166 (2008); *see also Cement Distributors, Inc. v. W. Aggregates*, 68 Wash. 2d 640, 643, 414 P.2d 789, 791 (1966) ("Depreciation is considered as being of two types; conditions which are purely physical such as those caused by deterioration from wear and tear, and conditions usually referred to as functional depreciation which covers the effect of obsolescence and loss of adaptability."); *State v. Wilson*, 6 Wash. App. 443, 450, 493 P.2d 1252, 1257 (1972) ("Depreciation is not limited to physical wear and tear but it includes economic and functional obsolescence."). These statements have been echoed by the U.S. Supreme Court. *See Lindheimer v. Illinois Bell Tel. Co.*, 292 U.S. 151, 167, 54 S. Ct. 658, 664–65, 78 L. Ed. 1182 (1934) ("Broadly speaking, depreciation is the loss, not restored by current maintenance, which is due to all the factors causing the ultimate retirement of the property. These factors embrace wear and tear, decay, inadequacy, and obsolescence.").

The Policies' definition of Actual Cash Value effectively embraces all of these conceptions of depreciation. Some courts outside of Washington, however, have held that "'depreciation' in the insurance context is often used interchangeably with 'physical deterioration,'" potentially excluding obsolescence. *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Properties, LLC*, 445 F. Supp. 2d 320, 352 (S.D.N.Y. 2006). The language in the Policies

Case No. 3:16-cv-05576
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT– Page 13 of 19

COLE, WATHEN, LEID & HALL, P.C.
303 BATTERY STREET
SEATTLE, WA 98104-1082
(206) 622-0494

clarifies that such an interpretation of depreciation—considering just physical deterioration—does not apply to them, and instead that the broad approach, considering both physical deterioration and obsolescence, applies.

### D. American Family's General Policy of Calculating Depreciation According to Age and Condition of the Item to Be Depreciated Is Compliant With the Policies.

Although the Policies unambiguously state that depreciation includes both physical deterioration and obsolescence, they do not dictate any particular method for how depreciation is to be calculated. Put another way, the Policies do not provide for how an adjuster or insured is to determine the effect on value of "physical deterioration" or "obsolescence."

Plaintiffs ask this Court to read into those terms an express limitation that is nowhere to be found in the policy language. Specifically, Plaintiffs contend that age may not be considered in calculating depreciation simply because the word does not appear in the policies. The method of depreciation in the Policies must be determined by looking "to the whole contract, giving it a fair, reasonable, and sensible construction" and giving "the language of the insurance policy the same construction that an average person purchasing insurance would give the contract." *Holden v. Farmers Ins. Co. of Washington*, 169 Wash. 2d 750, 755–56, 239 P.3d 344, 347 (2010) (internal quotations and citations omitted). Just as the policy language does not use the word "age," neither does it include the word "only" in regard to the terms "physical deterioration" and "obsolescence."

American Family's general policy of using age and condition as factors in calculating depreciation is widely recognized as proper, and is what an average person purchasing insurance would expect. The Supreme Court of Washington has stated that the term "actual cash value," without specification as to a particular method of calculation, "suggests to the average insurance

Case No. 3:16-cv-05576
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT– Page 14 of 19

COLE, WATHEN, LEID & HALL, P.C.
303 BATTERY STREET
SEATTLE, WA 98104-1082
(206) 622-0494

consumer that his or her loss will be determined according to what it would cost to replace the property, less depreciation to reflect the *age* or wear and tear of the damaged property." *Holden*, 169 Wash. 2d at 757 (emphasis added); *see also Walker v. Metro. Prop. & Cas. Ins. Co.*, No. C12-0173JLR, 2013 WL 942554, at *6 (W.D. Wash. Mar. 8, 2013) ("ACV is determined by calculating age-based depreciation[.]"). Similarly, here, where Actual Cash Value is specifically defined to include depreciation for both physical deterioration and obsolescence—both of which are, by common understanding, products of age[4]—it stands to reason that the average Washington insurance consumer would expect her loss to be determined by replacement cost less depreciation calculated by the age and condition of the depreciated item.

This understanding of "actual cash value" and "depreciation" being calculated using the age of the depreciated item is widely acknowledged as appropriate both by other courts and in other contexts. *See, e.g., C.L. Maddox, Inc. v. Royal Ins. Co. of Am.*, 208 Ill. App. 3d 1042, 1055, 567 N.E.2d 749, 757 (1991) ("We hold . . . that actual cash value means reproduction costs less depreciation for age[.]"); *N.Y. Cent. Mut. Fire Ins. Co. v. Diaks*, 69 So. 2d 786, 789 (Fla. 1954) (approving calculation of depreciation "based on the average useful life of similar equipment" absent evidence "as to the actual condition or value of the specific property lost").

Using the age of the item compared to its estimated useful life to calculate depreciation is particularly appropriate in situations where evidence of the condition of the item at the time of

---

[4] Reference to dictionary definitions is instructive. *See Boeing Co. v. Aetna Cas. & Sur. Co.*, 113 Wash. 2d 869, 877, 784 P.2d 507, 511 (1990). For example, Merriam-Webster defines "obsolescence" as "a loss in the utility or value of property that results *over time* from intrinsic limitations (as outmoded facilities) or external circumstances." https://www.merriam-webster.com/dictionary/obsolescence (last visited February 1, 2017) (emphasis added). Similarly, Black's Law Dictionary defines "obsolescence" as "[t]he process, quality, state, or condition of falling into disuse or *gradually* becoming obsolete." Black's Law Dictionary (10th ed. 2014) (emphasis added).

Case No. 3:16-cv-05576
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT– Page 15 of 19

COLE, WATHEN, LEID & HALL, P.C.
303 BATTERY STREET
SEATTLE, WA 98104-1082
(206) 622-0494

loss is unavailable; though where evidence of condition is available, that also should be considered. *See State ex rel. Winlock Water Co. v. Dep't of Pub. Works*, 180 Wash. 278, 283, 39 P.2d 603, 605 (1934) (approving use of straight line depreciation method "based on age and on the estimated, assumed useful life of the elements entering into the property" where "inadequacy of the corporation's records" prevented other methods of depreciation); *State v. City of Hoquiam*, 155 Wash. 678, 686, 286 P. 286, 290, modified, 155 Wash. 678, 287 P. 670 (1930) ("If the actual physical condition could be determined by actual test and inspection, that, of course, would give the most satisfactory results; but, in the absence of such direct appraisement, the natural method would seem to be to ascertain from the life tables of such utilities and from such examination as can be made the prospective life of the commodity, and apportion the depreciation according to its age.") (quoting *Pacific Gas & Electric Co. v. Devlin*, 188 Cal. 33, 203 P. 1058, 1063); *see also* 8 A.L.R.4th 533 ("[A]lthough a frequently used method of determining depreciation is by means of average useful life, it has been held that when the record shows evidence of the actual condition or value of the specific property lost, depreciation rates based on average useful life of similar equipment are not necessarily controlling[.]").

This ordinary understanding of calculating "actual cash value" and "depreciation" through consideration of the age and useful life of the personal property in question is further underscored by the lone section of the Washington Administrative Code addressing methods of calculating depreciation. In connection with the settlement of motor vehicle claims, the Washington Administrative Code allows deductions for betterment and depreciation "to the lesser of: (a) An increase in the actual cash value of the loss vehicle caused by the replacement of the part; or (b) An amount equal to *the value of the expired life of the part to be repaired or*

Case No. 3:16-cv-05576
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT– Page 16 of 19

COLE, WATHEN, LEID & HALL, P.C.
303 BATTERY STREET
SEATTLE, WA 98104-1082
(206) 622-0494

*replaced when compared to the normal useful life* of that part." Wash. Admin. Code 284-30-390(7) (emphasis added).

The authorities all support the basic principle that American Family, as a matter of law, may consider age as a factor in calculating depreciation under the policies at issue.

### IV.     CONCLUSION

For the foregoing reasons, this Court should grant summary judgment in American Family's favor, and this case should be dismissed in its entirety and with prejudice.

DATED this 15th day of February, 2017.

        COLE, WATHEN, LEID & HALL, P.C.

        *s/ Rory W. Leid, III*
        Rory W. Leid, III, WSBA No. 25075
        Kimberly Larsen Rider, WSBA No. 42736
        303 Battery Street
        Seattle, WA 98121
        Telephone:  (206) 622-0494
        Facsimile:  (206) 587-2476
        rleid@cwlhlaw.com
        krider@cwlhlaw.com
        croslaniec@cwlhlaw.com

        FAEGRE BAKER DANIELS, LLP

        Michael S. McCarthy, CO Bar No. 6688, *pro hac vice*
        Todd P. Walker, CO Bar No. 31068, *pro hac vice*
        3200 Wells Fargo Center
        1700 Lincoln Street
        Denver, CO 80203
        Telephone:  (303) 607-3500
        Facsimile:  (303) 607-3600
        michael.mccarthy@FaegreBD.com
        todd.Walker@FaegreBD.com

Case No. 3:16-cv-05576
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT– Page 17 of 19

COLE, WATHEN, LEID & HALL, P.C.
303 BATTERY STREET
SEATTLE, WA  98104-1082
(206) 622-0494

Matthew B. Harris, MN Bar No. 0396120, *pro hac vice*
90 S. Seventh Street, Suite 2200
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
matthew.harris@FaegreBD.com

*Attorneys for Defendant American Family*

Case No. 3:16-cv-05576
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT– Page 18 of 19

**COLE, WATHEN, LEID & HALL, P.C.**
**303 BATTERY STREET**
**SEATTLE, WA 98104-1082**
**(206) 622-0494**

# CERTIFICATE OF SERVICE

The undersigned makes the following declaration certified to be true under penalty of perjury pursuant to RCW 9A.72.085:

On the date given below, I hereby certify that I caused the foregoing to be filed using the United States District Court for Western District of Washington – Document Filing System (CM/ECF) and a true and correct copy to be served on the following parties in the manner indicated:

| | |
|---|---|
| **Attorneys for Plaintiff:**<br>Jeffrey I. Tilden, WSBA #12219<br>Mark Wilner, WSBA #31550<br>1001 Fourth Avenue, Suite 4000<br>Gordon Tilden Thomas & Cordell LLP<br>1001 Fourth Avenue, Suite 4000<br>Seattle, Washington 98154<br>Telephone: (206) 467-6477<br>Facsimile: (206) 467-6292<br>jtilden@gordontilden.com<br>mwilner@gordontilden.com<br><br>William C. Smart, WSBA #8192<br>Ian S. Birk, WSBA #31431<br>Isaac Ruiz, WSBA #35237<br>Law Offices of Keller Rohrback, LLP<br>1203 Third Ave., Suite 3200<br>Seattle, WA 98101-3052<br>Telephone: (206) 623-1900<br>Facsimile: (206) 623-3384<br>wsmart@kellerrohrback.com<br>ibirk@kellerrohrback.com<br>iruiz@kellerrohrback.com | **Via CM/ECF** |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED at Seattle, Washington, this 15th day of February, 2017.

*s/ Jan Sherred*
Jan Sherred, Legal Assistant
303 Battery Street
Seattle, WA 98121
jsherred@cwlhlaw.com

<>

Case No. 3:16-cv-05576
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT– Page 19 of 19

COLE, WATHEN, LEID & HALL, P.C.
303 BATTERY STREET
SEATTLE, WA 98104-1082
(206) 622-0494