UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| STEVE E. BARRON, et al., | CASE NO. C16-5576 BHS |
|---|---|
| Plaintiffs, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT |
| v. | |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

This matter comes before the Court on Defendant American Family Mutual Insurance Company's ("American Family") motion for summary judgment (Dkt. 44) and Plaintiffs Steve E. Barron, Christine L. Hillestad, Marc W. Hillestad, Raymond Owens, Tammy Owens, and Frank E. Schoen's ("Plaintiffs") motion for partial summary judgment (Dkt. 55). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

**I. PROCEDURAL HISTORY**

On June 28, 2016, Plaintiffs filed a class action complaint against American Family asserting numerous causes of action. Dkt. 1. All of the causes of action are based on the theory that American Family failed to pay the actual cash value for damaged items

because American Family improperly depreciated the value of these items based solely on the age of the items. *Id.* ¶¶ 29, 30.

On February 15, 2017, American Family filed a motion for summary judgment. Dkt. 44. On March 6, 2017, Plaintiffs responded. Dkt. 53. On March 9, 2017, Plaintiffs filed a cross-motion for summary judgment. Dkt. 55. On March 10, 2017, American Family replied to Plaintiffs' response. Dkt. 56. On March 27, 2017, American Family responded to Plaintiffs' motion. Dkt. 59. On March 31, 2017, Plaintiffs replied. Dkt. 60.

## II. FACTUAL BACKGROUND

Plaintiffs entered into individual contracts of insurance with American Family. It is undisputed that each contract obligated American Family to pay the insured the "Actual Cash Value" ("ACV") of damaged property in certain circumstances. Dkt. 44 at 34; Dkt. 53 at 3. The policies define ACV as "the amount it costs to repair or replace property with property of like kind and quality less depreciation for physical deterioration and obsolescence." *Id*.

## III. DISCUSSION

As a threshold matter, the parties appear to be ships passing in the night. American Family seeks a ruling that straight-line age-based depreciation is appropriate for every instance of attributable depreciation while Plaintiffs seek a ruling that straight-line age-based depreciation can never be a factually accurate determination of depreciation. Based on the current record, the true answer lies somewhere in the middle of these positions. For example, age may be the only relevant factor in depreciating an item, whereas in other situations age has no relevance whatsoever in determining an

item's obsolescence.  Accordingly, the issue is not amenable to resolution as a matter of law and, in the absence of further evidence, may only be determined on an item-by-item basis.

A. **Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477

U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     ACV**

The Court construes an insurance policy as a whole, giving the policy a "fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Amer. Nat. Fire Ins. Co. v. B & L Trucking and Constr. Co., Inc.*, 134 Wn.2d 413, 427 (Wn. 1998) (internal quotations omitted). If the language is clear and unambiguous, the Court must enforce it as written. *Id*. at 429. If the clause is ambiguous, the Court may look to extrinsic evidence of the parties' intent to resolve the ambiguity. *Id*. The Court resolves any remaining ambiguities against the drafter-insurer and in favor of the insured. *Id*. A clause is ambiguous when, on its face, it is fairly susceptible to two reasonable interpretations. *Id*. When the Court relies on inferences drawn from extrinsic evidence, contract interpretation is a question of fact. *Viking Bank v. Firgrove Commons 3, LLC*, 183 Wn. App. 706, 712 (2014). Absent disputed facts, the legal effect of a contract is a question of law. *Id*.

In this case, the relevant contract language is clear and unambiguous. American Family may calculate depreciation by considering "physical deterioration and obsolescence." Merriam-Webster defines "obsolescence" as "a loss in the utility or value of property that results over time from intrinsic limitations (as outmoded facilities) or external circumstances." https://www.merriam-webster.com/dictionary/obsolescence (last visited April 26, 2017). "In this state, legal technical meanings have never trumped the common perception of the common man." *Boeing Co. v. Aetna Cas. & Sur. Co.*, 113 Wn.2d 869, 881 (1990). Accordingly, the Court agrees with American Family that the common definition of obsolescence confers the idea of property losing value over time and depreciation by obsolescence may include age as a factor. In other words, the contract language does not preclude American Family from considering age when calculating depreciation. Therefore, on the issue of contract interpretation, the Court grants American Family's motion and denies Plaintiffs' motion.

The remaining issue is a matter of fact whether the age of a piece of damaged property directly correlates with obsolescence depreciation. American Family argues that it is entitled to summary judgment on all of Plaintiffs' claims. Dkt. 44 at 17. Plaintiffs, however, assert that they are "entitled to payment under the insurance policy for the full amount to which each class member is entitled under the personal-property coverage." Dkt. 10, ¶ 55. They argue that each "policy allows depreciation, but the insurance company must ground any depreciation in the actual physical deterioration or obsolescence of the item at the time of loss," and "[i]f the passage of time (age) or other factors did not cause physical deterioration or obsolescence in an item, there is no

depreciation." Dkt. 60 at 2. The Court agrees on both points. More importantly, American Family has failed to show that no questions of fact exist as to every item claimed by Plaintiffs. Therefore, to the extent that American Family has failed to properly compensate Plaintiffs under each contract of insurance, the Court denies American Family's motion on all of Plaintiffs' claims.

## IV. ORDER

Therefore, it is hereby **ORDERED** that American Family's motion for summary judgment (Dkt. 44) is **GRANTED in part** and **DENIED in part** and Plaintiffs' motion for partial summary judgment (Dkt. 59) is **DENIED**.

Dated this 27th day of April, 2017.

BENJAMIN H. SETTLE
United States District Judge