UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVE E. BARRON, et al.,<br><br>                Plaintiffs,<br><br>    v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>                Defendant. | CASE NO. C16-5576 BHS<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR PERMISSION TO APPEAL, CERTIFYING ORDER FOR APPEAL, AND TEMPORARILY STAYING MATTER |

This matter comes before the Court on Plaintiffs Steve Barron, Christine Hillestad, Marc Hillestad, Raymond Owens, Tammy Owens, and Frank Schoen's ("Plaintiffs") motion for permission to appeal (Dkt. 62). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On June 28, 2016, Plaintiffs filed a class action complaint against Defendant American Family Mutual Insurance Company ("American Family") asserting numerous causes of action. Dkt. 1. All of the causes of action are based on the theory that American Family failed to pay the actual cash value for damaged items because American Family improperly depreciated the value of these items based solely on the age of each item. *Id*. ¶¶ 29, 30.

On February 15, 2017, American Family filed a motion for summary judgment. Dkt. 44. On March 9, 2017, Plaintiffs filed a cross-motion for summary judgment. Dkt. 55. On April 27, 2017, the Court granted American Family's motion in part and denied it in part and denied Plantiffs' cross-motion. Dkt. 61. In relevant part, the Court concluded that the parties' contract did not preclude American Family from considering the age of an item when determining the depreciated value of the item. *Id*. at 5. This conclusion directly conflicts with the holding in *Lains v. Am. Family Mut. Ins. Co.*, C14-1982-JCC, 2016 WL 4533075, at *2 (W.D. Wash. Feb. 9, 2016) ("Defendant improperly took age into consideration when determining depreciation.").

On May 15, 2017, Plaintiffs filed the instant motion requesting permission to appeal the conflicting ruling of law. Dkt. 62. On May 30, 2017, American Family responded. Dkt. 63. On June 2, 2017, Plaintiffs replied. Dkt. 66.

## II. DISCUSSION

"Section 1292(b) provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1025–26 (9th Cir. 1981). The "certification requirements are (1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *Id*. at 1026. "[T]he legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Id*.

In this case, Plaintiffs have met their burden on all three requirements. First, "Congress did not specifically define what it meant by 'controlling'" as used in section 1292(b). *See id*. Likewise, "[t]he Ninth Circuit's guidance as to what constitutes a controlling question of law is minimal." *Sierra Foothills Public Utility District v. Clarendon America Insurance Company*, 2006 WL 2085244, at *2 (E.D.Cal. July 25, 2006). It is well settled, however, that "[t]he issue need not be 'dispositive of the lawsuit in order to be regarded as controlling[.]'" *Id.* at *2 (quoting *United States v. Woodbury*, 263 F.2d 784, 787–88 (9th Cir.1959)). In this Circuit, "all that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *Kight v. Eskanos & Adler, P.C.*, 2007 WL 173825, at *2 (S.D. Cal. Jan. 8, 2007) (quoting *In re Cement*, 673 F.2d at 1026).

The Court concludes that resolution of the interpretation of the policy language is a controlling question of law. While it is true that the issue is not dispositive of the lawsuit, resolution could be dispositive of class certification. Under the Court's interpretation, whether American Family properly determined an item's depreciation is likely a claim-by-claim, item-by-item task. It is highly unlikely that a class could be certified on such a fact-specific inquiry. On the other hand, under *Lains*, considering age at all is a breach of contract which would apply to all members of the proposed class. Once liability is determined, only the administrative task of determining damages would remain. Therefore, resolution of the contrary interpretations of the relevant contract language could materially affect the outcome of this matter.

Second, substantial grounds for disagreement exist in the competing conclusions of law.

Third, an immediate appeal would advance this litigation because it would not only resolve the question of law but also would essentially determine whether the matter may proceed as a class. If the Court is affirmed on appeal, then the matter would most likely proceed on an individual basis foregoing the complicated aspects of a class action and preserving both the parties' and the Court's resources.

### III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion for permission to appeal (Dkt. 62) is **GRANTED**. The Court's order on summary judgment (Dkt. 61) is hereby **CERTIFIED** to the U.S. Court of Appeals for the Ninth Circuit for an Interlocutory Appeal.

The matter is temporarily stayed pending the Ninth Circuit's resolution of Plaintiffs' petition to appeal, and the Clerk shall remove the pending motions from the Court's calendar. If the Ninth Circuit accepts the petition to appeal, the Court shall enter an order staying the case for statistical purposes. Otherwise, the Court will request a joint status report from the parties regarding a schedule for this matter.

Dated this 8th day of June, 2017.

BENJAMIN H. SETTLE
United States District Judge